NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                            :
STEVEN J. KADONSKY,                         :
                                            :
            Plaintiff,                      :    Civil No. 05-1596 (AET)
                                            :
       v.                                   :    **MEMORANDUM & ORDER**
                                            :
SOMERSET COUNTY, et al.,                    :
                                            :
            Defendants.                     :
_____:

THOMPSON, U.S.D.J.

This matter is now before the Court on (1) Defendant Edward Coleman's Motion to Set Aside Default, and (2) Defendant Coleman's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Also before the Court is Plaintiff's Motion for Default Judgment against Defendant Coleman. The Court has decided these motions based upon the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78.

DISCUSSION

On September 1, 2005, default was entered against Defendant Coleman in the above-captioned action. Defendant Coleman now moves to set aside this default, arguing that he was not properly served by Plaintiff and that he should be permitted to assert his meritorious defenses. To decide this issue, the Court must consider whether (1) Plaintiff would be prejudiced; (2) whether Defendant Coleman has a meritorious defense; and (3) whether the entry of default was the result of Defendant Coleman's culpable conduct. Feliciano v. Reliant Tooling

-1-

Co, 691 F.2d 653, 656 (3d Cir. 1983).  Defaults are disfavored, and doubtful cases must be resolved in favor of the party moving to set aside the default.  Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983) (citing Farnese v. Bagnasco, 691 F2d 761, 764 (3d Cir 1982)).

The Court finds that Plaintiff would not be prejudiced by having this matter heard on its merits, and that Defendant Coleman has satisfied the other Feliciano criteria.  Accordingly, the Court will set aside the default against Defendant Coleman, and deny Plaintiff's Motion for Default Judgment as moot.

II.

Defendant Coleman further moves this Court to dismiss the Complaint as against him, and argues, *inter alia*, that he is entitled to absolute immunity from suit for his actions as a New Jersey Superior Court judge .  It is well settled that a  member of the judiciary is absolutely immune from suit for acts undertaken in his or her official capacity,  Briscoe v. LaHue, 460 U.S. 325, 334 (1983), including suits under 42 U.S.C. § 1983.  Sup. Ct. of Va. v. Consumers Union of the U.S., Inc., 446 U.S. 719, 734-35 (1980).  In the instant matter, Plaintiff alleges that Defendant Coleman had conversations with another defendant, Laurie Head-Melillo, a Deputy Assistant Prosecutor for Somerset County (who herself was dismissed from this action), and that he signed waivers, all allegedly in derogation of Plaintiff's rights.  (Compl. ¶¶ 20-22.)  Plaintiff does not allege that Defendant Coleman's actions were unrelated to his official duties.  Even construing these acts in the light most favorable to Plaintiff, it is plain that these were judicial acts and, as such, are included in the grant of absolute immunity from suit.  Accordingly, the complaint against Defendant Coleman must be dismissed.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this  17th  day of March, 2006,

ORDERED that Defendant Edward Coleman's Motion to Set Aside Default [14] is GRANTED; and it is further

ORDERED that Plaintiff's Motion for Default Judgment [10] is DENIED as moot; and it is further

ORDERED that Defendant Edward Coleman's Motion to Dismiss Plaintiff's Complaint [14] is GRANTED.

     /s/ Anne E. Thompson  
    ANNE E. THOMPSON, U.S.D.J.